Shaw C. J.
delivered the opinion of the Court. Some 'of the reasons of appeal are founded on allegations of matters of fact, which do not appear upon the record, of which no proof has been offered, and of course they cannot be maintained. Without enumerating the reasons of appeal specifically, the several exceptions taken by the appellant to the executor’s account, and brought before the Court upon the argument, may be reduced to these :
1. That although the executor has charged himself with a considerable amount of interest, he has not charged himself with a sufficient amount.
2. That with the interest actually received he has credited the estate generally, whereas, by the force of the will, as the *381 appellant contends, she is entitled to the whole amount of this interest.
3. That the executor has claimed to deduct from the fund to be placed in trust for her benefit, during her life, the amount of certain pecuniary legacies, whereas she contends, that these legacies are not payable till her decease or marriage, and that in the mean time she is entitled to the interest accruing from the amount.
We think there is no ground in point of fact to support the first objection. The general rule is, that an executor or administrator (except where he is charged with a special trust, to invest money on interest,) is not chargeable with interest unless he has actually received interest, or else where from culpable delay in settling his accounts, it may be fairly in ferred, that he has made profit of the funds in his hands. Here although there was considerable delay in settling the estate, yet it is conceded that this was occasioned by the pendency of suits, and was not imputable to the negligence of the executor. In order then to sustain this charge, it must be proved, either by direct or by circumstantial evidence, that the executor has received more for interest, than he has credited. This might he done either by general proof, or by examining the executor on oath, upon interrogatories.[1]
The second reason of appeal presents the principal question arising in the case, involving the claim of the appellant, to the interest which has accrued upon the personal estate from the death of the testator. This depends upon the construction of the will and codicil.
Some of the most difficult questions upon which courts are called to decide, arise upon the construction of wills drawn by illiterate persons. The general rule is, that the intent shall prevail, so far as it can, consistently with the rules of law. This general rule, applicable to the construction of all written instruments, is peculiarly the governing principle, in expounding a will. In ascertaining the intent of any particular clause, it is competent and proper to take into consideration every part *382 of the will, and the circumstances both of the property and the parties, under which the will was made.
This will was made in 1814, the codicil, in 1817, and the ' testator died in 1819.
By the will he gives to the appellant the improvement of all the estate, personal and real, of which he was possessed, which improvement to belong solely to herself, for her own. use and benefit, so long as she remained his widow. But should she marry or die, then over. All the subsequent bequests in this will, are subject to this general gift to the widow, for her life if she remained unmarried, and of course therefore were gifts of remainders.
The word “improvement” must be construed according to the subject matter. Of land, it would constitute a freehold estate, for the devisee’s life ; of plate, pictures, furniture, it would be the possession and use ; of money, or securities, or stocks, it would be the income.
This gift of all his personal and real estate, must of course be taken subject to the testator’s power of disposal, and must therefore be understood as a gift for life of all his property after payment of his debts and the expenses of administration, the law having made them a charge upon the estate and given them priority to any gift which the testator had power to make.
It does not seem to be much contested, that upon the construction of the will alone, the widow would be entitled to the whole of the income of the personal estate after payment of debts and charges, from the time of the death of the testator. But it is contended, that this intent is shown to be altered by the codicil.
A codicil is a clause added to the will after its execution ; the purpose of which usually is, to alter, enlarge or restrain the provisions of the will, or to explain, confirm and republish it. It does not supersede the will, as an after-made will would do ; but it is a part of it, to be construed with it, as one entire instrument. It comes within the rule, that all is to be taken together. Of course, it follows from this view, that a will is not altered by the codicil, except by express words or necessary implication. It is to be deemed altered by necessary implication, where a subsequent provision is inconsistent with and *383 repugnant to a prior provision. But where both can stand together, both shall have effect.
In applying these rules to the construction of this codicil, it appears to us, that in the point under consideration, so far from changing, it rather confirms the provisions of the will.
The first clause makes a small addition to the estate given to Daniel; but as the estate itself was an estate in remainder, the fair construction is, that the addition of a small piece of land, to enlarge it and make it more commodious, was also intended to be an estate in remainder. By the next clause, he expresses his will, that his son Daniel shall remain in possession of the house and land occupied by him, on his paying to his step-mother, that is, to the appellant, the same annual rent, as he paid the testator, so long as she remain his widow.
This confirms the general intent, to give the improvement of the real estate to her, during her widowhood, but so far modifies it, as to secure to Daniel the preference as a tenant, still giving the income to the widow in the form of annual rent.
He then proceeds to correct a mistake, by giving to the daughters the household furniture only, instead of all the personal property. But whether the one or the other, it is manifestly a remainder only which was given to the daughters ; as the improvement of all the personal property was by the will- given to the widow. The mistake to be corrected was, that he had given to the daughters a remainder in all his personal property, when his intent was to give them only a remainder in the household furniture. In either case it does not affect the main intent, to give the income to the appellant for her life and widowhood.
But the next clause is principally relied on, and is as follows : “ It is my will, that after settling my estate, my wife have the interest of the remainder of my personal estate, and that the judge of probate appoint a disinterested and judicious person to take the charge of said personal estate, and pay the interest to her, so long as she remains my widow, except so many of the farming utensils and cattle, as are necessary for the cultivation of the farm.”
It is contended, that “ after settling,” means after the adjustment of the affairs of the estate in point of time ; and that *384 so long as suits were pending, and in a popular sense the estate remained unsettled, her claim to the interest was deferred. But we think this would be a forced construction, and inconsistent with the general intent of the will and codicil.
The general intent manifestly was, that the widow should have this income during the whole period of her widowhood. The words in the will, “ which improvement is to belong solely to herself, for her own benefit so long as she remains my widow,” in their natural import mean, from my death when she will become a widow, till her own death or marriage, when her widowhood will cease. The real and personal estafe are given in the same words. The devise of the real would, by operation of law, take effect from the death of the testator. Is there any thing to manifest a different intent in regard to the personal ? No interest or income is given to any one else, and no intent is manifested, to let the personal estate accumulate, for the benefit of those in remainder. But by the construction contended for, the estate might be kept unsettled, by the pendency of suits and other contingencies, and necessarily so, during the whole life of the widow, and the favorable intent of the testator in her behalf, be wholly defeated.
But do the words used, taken in connexion with the rest of the will and codicil, require or even bear, this construction ? ££ After settling my estate,” seem equivalent to “ subject to the settlement.” The word “ after,” does not always or necessarily refer to time, but to order in point of right and enjoyment. Here, we think, it is to be construed with reference to the words “ settling,” and “ remainder.” It is the interest of what shall remain after settling the estate, that is, after paying out debts and charges, all claims which by law have a priority. It is only after such payment, that the residue or remainder can be formed, which is to constitute the trust fund. Upon this construction the will and codicil are entirely consistent, the codicil containing in express terms, what the will contained by implication. The whole given by the will, was taken by implication, to be subject to cnarges which have priority by law ; and the remainder after settling the estate, in legal effect, means the same thing.
3. That the payment of the legacies was not included in the *385 idea of settling the estate, so as to deduct them from the fund, before forming the remainder, is manifest from the will. The only clauses by which any legacy is given, are in the original will. By the clause already cited the testator gives to the appellant the improvement of all his estate personal and real, so long as she remains his widow. It then proceeds thus ; “ but should she marry or die, then after that, I bequeath the said estate, personal and real, in manner and form following ; ” and then follow all the other bequests and legacies. This is not altered by the codicil. Then all the legacies are payable out of a fund, the interest of which is first given to the wife for life, and cannot therefore be first paid, before such fund is formed. The charges of these legacies in the executor’s account therefore cannot be allowed.
On the whole, we are of opinion, that the appellant is entitled in her own right to all the interest, which has been received by the executor upon notes, securities and other property forming the assets of the estate in his hands, and that the same ought not to have been credited to the account of the estate ; and that the decree of the judge of probate be corrected accordingly.

 See Boynton v. Dyer, 18 Pick. 1, and cases cited.